```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | |
|---|---|
| TONYA JOHNSON HYLES, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | No. 4:19-CV-330-Y |
| § | |
| MICHAEL CARR, Warden,[1] § | |
| FMC-Carswell, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Tonya Johnson Hyles, a federal prisoner confined at FMC-Carswell, against Michael Carr, warden of FMC-Carswell, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

I.  Factual and Procedural Background

In 2007, in the United States District Court for the Eastern District of Missouri, a jury found Petitioner guilty of using interstate commerce facilities in the commission of murder for hire; aiding and abetting murder for hire; possessing a firearm in furtherance of a crime of violence; and conspiring to deliver a firearm to a felon. (Resp't's App. 1-2, doc. 18.) She was sentenced

---

[1] Michael Carr has replaced Jody R. Upton as the warden of FMC-Carswell and is automatically substituted as the party respondent. FED. R. CIV. P. 25(d).

to life imprisonment. (Id. at 3.) Petitioner appealed her convictions and filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, to no avail. (Id. at 9-26, 32-51.) She also filed a motion in the convicting court under *Johnson v. United States,* 576 U.S. 591 (2015), which was denied, and filed one or more motions for authorization to file a successive § 2255 motion, all of which were denied. (Id. at 27-28, 31.)

In this § 2241 habeas petition, Petitioner raises the following five grounds for relief, verbatim (all spelling, grammatical, and/or punctuation errors are in the original):

(1) Whether section 18usc1958 stands constitutional when the distinct elements (personal injury; death result; or state violation) offenses falls outside the ambit of its federal nexus;

(2) Whether murder for hire "if" death result requires strict liability provided by post-*Burrage [v. United States,* 571 U.S. 204 (2014),] statutory interpretation of causation;

(3) Missouri state 1st degree murder under sec. 565.020 violation unconstitutionally enhanced Petitioner's sentence in violation of her constitutional rights;

(4) Title 18usc1958 conspiracy modifies the unlawful acts within sec. 1958 therefore it creates an indivisible common law conspiracy, which falls outside federal jurisdiction of the Commerce Clause; and

(5) Insufficiency of evidence in violation of the due process of law.

(Pet. 5-6, doc. 1.)

In a supplemental pleading, she raises the following two additional grounds:

2

    (6)   her conviction for conspiring to deliver a firearm to a felon is unconstitutional under the United States Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019); and

    (7)   her conviction for possession of a firearm in furtherance of a "crime of violence" is invalid under the United States Supreme Court's decision *in Johnson United States,* 576 U.S. 591 (2015).

(Supp. Pleading 1-5, doc. 12.)

Respondent asserts that the petition should be dismissed for lack of jurisdiction. (Resp't's Resp. 1, doc. 8.)

## II. Discussion

A § 2255 motion to vacate, set aside, or correct a federal sentence is the primary method a federal prisoner may employ to collaterally attack the legality of a conviction or sentence, while a § 2241 petition for writ of habeas corpus is generally used to challenge the manner in which a sentence is executed. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). In the district courts of the Fifth Circuit of the United States Courts, an attack on a federal conviction or sentence may only be considered under § 2241 if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden under this so-called "savings clause," a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been

3

raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).[2] Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver,* 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner fails to meet the "savings clause" requirements. The claims raised under grounds one, three, four, and five were either available at the time of her trial, appeal, or initial §

---

[2]In an effort to circumvent the "savings clause," Petitioner asserts that she does not bring "a frontal attack" on her convictions or sentence. Rather, she (all spelling, grammatical, and/or punctuation errors are in the original)

> depends on the plain text of 28 U.S.C. §2241(c)(3). [Petitioner] using the records of the void judgment to display the Warden is in violation of the Eighth Amendment, by executing the judgment imposed by the sentencing court, filled with Constitutional violations of Due Process of law.

(Pet'r's Mem. 1, doc. 10.) However, she must necessarily establish that one or more of her convictions and/or sentence are unlawful. Habeas only exists to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States,* 525 F.2d 933, 935–36 (5th Cir. 1976). Even a meritorious Eighth Amendment claim does not entitle her to release from an otherwise lawful imprisonment or detention. *Cook v. Hanberry,* 592 F.2d 248, 249 (5th Cir. 1979).

2255 petition. The claims raised under grounds two and six are not applicable to her case and/or the United States Supreme Court cases relied upon have not been made retroactive to cases on collateral review. (Resp't's Resp. 5-10, doc. 17). *See In re Salas,* 888 F.3d 150, 150 (5th Cir. 2014) (providing *Burrage* did not announce a new rule of constitutional law made retroactive to cases on collateral review); *In re Palacios,* 931 F.3d 1314, 1315 (11th Cir. 2019) (providing *Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review). And, lastly, the claim raised under ground seven has been previously presented to and rejected by the convicting court and the United States Court of Appeals for the Eighth Circuit has denied authorization to file a successive § 2255 motion on that basis. (Resp't's App. 27-28, doc. 18 (denying Petitioner's motion under *Johnson,* which held that the residual clause in the Armed Career Criminal Act (ACCA) was void for vagueness, "because her sentence was not enhanced under the ACCA or any other provision based on prior crimes of violence").)

Because Petitioner has not met the criteria required to invoke the savings clause of § 2255 or demonstrated that the remedy under § 2255 is inadequate or ineffective as to the claims presented in this habeas-corpus proceeding, the Court is without jurisdiction to consider the petition. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

For the reasons discussed, the Court DISMISSES the petition

5

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of subject-matter jurisdiction.

SIGNED January 8, 2021.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

6